COOPER GROCERY COMPANY ET AL. V. J. D. MOORE ET AL.

Decided June 22, 1898.

1. **Note—Pleading—Variance—Date.**

A note described in the pleading as executed on September 29th, but executed and bearing date September 24th, was properly admitted in evidence where other averments in the pleading show that it was one of a series of three notes executed on September 24th, and by other matters of description sufficiently identify it as the note offered in evidence.

2. **Transfer of Note—Equitable Holder.**

One who at request of the maker of a promissory note pays the amount to the holder, for the purpose of retaining it against the maker as security for the money so advanced, and receives possession of it, though without an indorsement to him, acquires an equitable title to the note and does not discharge it.

3. **Same.**

At the request of the maker of a promissory note a third party paid the amount due to a bank to whom it had been assigned for collection; the bank, after first marking it paid, on explanation of the purpose of the party paying to hold the note himself erased such mark and struck out its own name from the indorsement made by the holder to it, delivering it to the party making payment as a note indorsed by the holder in blank, but without authority from the holder to make such change in the indorsement. Held, that the note was not thereby discharged, and the party receiving it became the equitable owner and entitled to participate with the holders of another note in a lien given for the security of both.

APPEAL from McLennan. Tried below before Hon. MARSHALL SURRATT.

*Davis & Graves,* for appellants.

*T. A. Blair,* for appellee Watson.

*D. A. Kelley,* for appellee Moore.

KEY, ASSOCIATE JUSTICE.—"This is an action brought by the Cooper Grocery Company in the District Court of McLennan County against J. D. Moore and Terrell Jackson, on a note for $250 and foreclosure of vendor's lien and mortgage on real estate, said Jackson being trustee and said Moore maker of the note, said note being the third of a series of three notes for the same amount, plaintiff alleging that the first two have been paid.

"On December 31, 1897, J. W. Watson filed in this cause his petition for intervention, setting up the ownership of the second of said series of notes and that the same had not been paid, but had come to him in due course of trade, and was indorsed by M. A. Cooper & Co. This petition makes M. A. Cooper & Co. parties. Petitioner prays judgment against J. D. Moore, M. A. Cooper & Co., the Cooper Grocery Company, and foreclosure of vendor's lien.

"J. D. Moore answered by general demurrer and general denial. The Cooper Grocery Company and M. A. Cooper & Co. answer the petition of intervener Watson: 1. General demurrer. 2. General denial. 3. Specially alleging that the note sued on by said Watson was at one time owned by M. A. Cooper & Co., indorsed to them by J. P. Maupin, the payee therein; that they indorsed it as follows: 'Notice of protest and diligence waived by us; we guarantee payment in United States gold coin. M. A. Cooper & Co.;' that by their indorsement said note became the property of S. Archenhold & Co.; that at or before the maturity of said note, Archenhold & Co. placed said note in First National Bank of Waco for collection and indorsed it as follows: 'Pay to First National Bank of Waco, S. Archenhold & Co.;' intended for collection only, all of which was known to Watson; that whilst the note was in said bank for collection and after maturity Watson paid it for the maker, and it was marked paid by said bank; that afterwards Watson came to the bank and said he did not desire to have the note marked paid, but wanted it transferred to him, and that the bank inadvertently and without authority from anyone interested erased from the note the following part of the indorsement, 'Pay to First National Bank of Waco,' viz., First National Bank of Waco, leaving 'pay to,' as formerly written, and inserted above the name of Archenhold & Co. in lieu of First National Bank of Waco, the name of 'J. W. Watson, without recourse.' They allege that this was illegal and without authority, and that the note was never in fact executed by the parties as it now stands; that they knew nothing of this until a short time before suit, although it had occurred long prior thereto; that the parties would not have consented to the same; that by reason of the facts, said note was paid, and not a lien on the land or an obligation of any of the indorsers; that the defendant Moore procured Watson to pay the note for him, promising to repay the same soon, and that Watson did pay the note and held it awhile, and Moore failed to pay him, and

then Watson procured the cashier to indorse the same as stated. This answer is sworn to.

"J. D. Moore answered the intervention, that the statements in the plea of intervention were true."

Judgment was rendered for the Cooper Grocery Company against J. D. Moore, and for the intervener Watson against J. D. Moore, the Cooper Grocery Company, and M. A. Cooper & Co., and adjudging that the Cooper Grocery Company and the intervener Watson were equally secured by the vendor's lien on the real estate, for which the respective notes were given. The Cooper Grocery Company and M. A. Cooper have appealed.

The court below filed the following conclusions of fact, which are sustained by the testimony and adopted by this court:

"I find that on September 24, 1894, J. P. Maupin sold to J. D. Moore lots 3, 4, and 5, in block 1, in Eddy, McLennan County, Texas, taking in part payment Moore's three notes for $250 each, with 10 per cent interest and 10 per cent attorney's fees, due respectively on or before September 24, 1895, 1896, and 1897, retaining a vendor's lien on the lots for which they were given. That said three notes were indorsed in blank by Maupin and transferred to M. A. Cooper & Co. That thereafter M. A. Cooper & Co. incorporated under the name of the Cooper Grocery Company, plaintiff herein, and received all the assets of M. A. Cooper & Co. and assumed all their liabilities. That before incorporating, M. A. Cooper & Co. transferred the second of said notes to S. Archenhold & Co. (the first was paid) by indorsement as follows: 'Notice of protest and diligence waived by us; we guarantee payment in U. S. gold coin. Signed M. A. Cooper & Co.'

"That thereafter said Archenhold & Co. deposited said second note with the First National Bank of Waco for collection, giving no instructions in regard thereto, indorsing it, 'Pay to First National Bank of Waco,' signed 'S. Archenhold & Co.' That at the time the note was so deposited, it had an indorsement thereon, making it payable on October 15, 1896, and when it became due, Moore, the maker, was not able to pay it, and he asked intervener, J. W. Watson, to take it up and carry it for him, and that in compliance therewith Watson went to the bank and informed it that he wished to take up Moore's note, and that the clerk stamped it paid, October 19, 1896, with the bank cancellation stamp. Watson immediately informed the clerk that he was not paying the note so as to discharge it, but wanted it transferred to him; whereupon the matter was referred to the cashier of the bank, who scratched out the cancellation with black lead pencil, and with pen and ink marked out, by drawing his pen over the same, the name of 'First National Bank of Waco' in the indorsement above the signature of S. Archenhold & Co. and interlined between same and said signature the words, 'J. W. Watson, without recourse,' thus making Archenhold's indorsement read, 'Pay to ~~First National Bank of Waco~~, J. W. Watson, without recourse, S. Archenhold & Co.,' whereupon Watson paid the amount due upon the note to

the bank, and it delivered said note to him and placed the money paid in to the credit of S. Archenhold & Co. and they afterwards drew it out. Watson refused to pay the note until transferred to him, and the cashier changed Archenhold's indorsement, intending to and for the purpose of transferring the note to Watson, and Watson understood that it was transferred to him. The cashier had no instructions from Archenhold & Co. to transfer same, and they at the time had no knowledge thereof, and the evidence does not show that they ever knew of the cashier's actions either before they drew out the money or since. M. A. Cooper & Co. had no knowledge thereof and never assented thereto, and did not know that it had been transferred to Watson until a short time before this suit was brought.

"That the Cooper Grocery Company received the third of said notes as a part of the assets of M. A. Cooper & Co. and owns the same (it being the note sued on). That the firm of M. A. Cooper & Co. incorporated under the name of the Cooper Grocery Company, and as such received all the assets of said firm and assumed all its liabilities."

No error was committed in admitting in evidence the note sued on by the intervener. It is true that he alleged in his petition that the note was executed on the 29th day of September, 1894, and that the note offered in evidence was executed on the 24th day of September, 1894; but other averments in the petition show that it is one of the series of notes referred to in the plaintiff's petition as executed on the 24th day of September, 1894, and the other matters of description are sufficient to identify the note, notwithstanding the discrepancy in the date. It is also objected that intervener alleged in his petition that the note had been indorsed to the First National Bank of Waco, without recourse; whereas, the note offered in evidence had two marks through the name "First National Bank of Waco," and the name "J. W. Watson" inserted thereafter.

The testimony shows that the note was indorsed by S. Archenhold & Co., as alleged by intervener, and that thereafter the erasure was made and the name of J. W. Watson inserted. A copy of the note showing its correct date and these changes in the indorsement was attached to the plaintiff's petition as exhibit "A," and was, by direct averment, made a part of said petition. Besides, appellants in their answer set up the change referred to in the indorsement on the note sued on by intervener, and allege that said change was made without authority. This shows that they were not misled by the intervener's petition and that they knew that the note admitted in evidence was the note sued on by intervener.

The findings of fact show that it was not the intention of the intervener to pay off and discharge the note or to release the maker and guarantors thereof and the lien by which it was secured; the agreement between him and Moore, the maker of the note, being that he was to take up the note and hold it against Moore. Therefore Watson's payment to the bank of the amount due on the note did not cancel the debt and extinguish the lien; and, although the bank may have had no authority to

change the indorsement as it did do and to transfer the legal title to the note to Watson, still, having received from Watson the amount of money due on the note, and having paid the same to S. Archenhold & Co., Watson, who furnished the money received by the bank and Archenhold & Co., became the equitable owner of the note, and as such could sue thereon in his own name.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.