## L. C. BARNES v. W. H. PATRICK ET AL.

### No. 2407. Decided April 10, 1912.

**1.—Pleading—Description of Land—Clerical Error.**

In an action for recovery of two surveys of school land, between adverse claimants of the right to purchase it, the pleadings of both plaintiff and defendant correctly described and showed that each was claiming the same land; but the paragraph of defendant's answer which alleged his settlement on one survey and claim to purchase the other as situated within five miles of his home section, incorrectly gave, as the original grantee of the certificate by virtue of which each tract was surveyed for the school fund, the initials of the company which was grantee of the other survey. Held that the mistake was a mere clerical error which could not mislead plaintiff, and the pleading was sufficient to present the defense claimed. (Pp. 148, 149.)

**2.—School Land—Adverse Claimants—Action to Determine Right—Limitation.**

One to whom, as an actual settler, school land had been sold by the Commissioner of the General Land Office, brought suit for its recovery against one

in possession and claiming the right to buy it by reason of alleged failure of the first purchaser to settle thereon as required by the law and his contract of purchase. The suit was brought and the issue as to the validity of plaintiff's title raised by defendant's pleading within one year from the passage of the Act of March 16, 1905, Laws, 29th Leg., p. 35, requiring action to determine the rights asserted by defendant to be brought within such time. Held, that the pleadings put the validity of plaintiff's claim under judicial investigation; his defeat in the action would have adjudicated the rights of the parties without affirmative action declaring his claim void; and it was error to exclude evidence to establish the defense alleged because defendant had not himself brought action within the time limited by the statute. (P. 149.)

Error to the Court of Civil Appeals, Seventh District, in an appeal from Donley County.

Barnes obtained writ of error on a judgment of the Court of Civil Appeals affirming a recovery against him by Patrick and others in the trial court. For previous appeals in this case, see: Williams v. Barnes, 44 Texas Civ. App., 298; Williams v. Barnes, 111 S. W., 432; Barnes v. Williams, 102 Texas, 444.

*H. B. White* and *A. T. Cole,* for plaintiff in error.—In Construing a plea the entire instrument should be considered together in connection with the pleadings of the opposite party. Washington v. National Bank, 64 Texas, 6.

Where land is described by section number, block number, and county, it is immaterial that the certificate number and name of grantee are misstated. Stout v. Taul, 71 Texas, 441.

The affirmative allegations of defendant's answer were sufficient to stop the bar of the Statute of Limitations of March 16, 1905. Said Act does not attempt to prescribe the form of action which one claiming the right to purchase school land shall bring. Barnes v. Williams, 102 Texas, 444.

*Madden, Truelove & Kimbrough,* and *J. H. O'Neal,* for defendant in error.—On error in description, see: Cromwell v. Holliday, 34 Texas, 468. The special answer is simply a defensive pleading and is not legitimately susceptible of being treated as a cross action or as a suit within the meaning of the Act of 1905. Chapter 29, Gen. L. 1905, p. 35; Erp v. Tillman, 131 S. W., 1957; Townes on Pleading, 381; Art. 5250 R. S. 1895, Subd. 5; Ellis v. Singleterry, 45 Tex. 27; Hoodles v. Winter, 80 Tex. 638; Short v. Hepburn, 35 S. W. 1057; Free v. Burgess, 133 S. W. 423; Wood v. Montgomery, 136 S. W., 659; Wilborn v. Elmendorf, 40 S. W., 1059; Akard v. Mtg. Co., 34 S. W., 139.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The defendant in error having filed an answer in this case the application will be granted and we will dispose of the case.

The dates are not material, therefore, will not be stated, except when necessary.

At some time prior to January, 1905, J. B. Williams, as an actual settler, applied to purchase, and the Commissioner of the General Land Office awarded to him, the two half sections of public free

school land in controversy. At a date prior to January, 1905, L. C. Barnes actually settled upon and improved one of the half sections awarded to Williams and applied to purchase it as a home and also applied to purchase the other half section as additional land.

Prior to January, 1905, Williams instituted suit against Barnes to recover possession of the two half sections of land, claiming them under the award of the Commissioner, and, on the 4th day of January, 1905, Barnes filed an answer attacking the award made to Williams upon the ground that Williams had never settled upon the land as a home, Barnes claiming the right to buy the land under his application which had been rejected by the Commissioner.

Williams died and his administrator and heirs made themselves plaintiffs by an amended petition in which they alleged the settlement of their father and all facts required to show that he was lawfully entitled to purchase the land, and, if true, would sustain the award. The answer of Barnes, if true, was sufficient to show that the award to Williams was void.

The plaintiffs alleged that Barnes was in possession of and claiming the land sued for, describing it thus:

"1st Tract. A half section survey of land, known and described as section No. 48, in block C-3, located and surveyed for the benefit of the common school fund, under and by virtue of certificate No. 838, issued to the East line and Red River Railway Company, as said half section survey of land is shown by the official map and plat of Donley County, Texas.

"2nd Tract. One certain half section survey of land known and described as section 54, in block C-3, located and surveyed for the benefit of the common school fund by virtue of certificate No. 5 granted to the Denison & Pacific Railway Company, as said section survey land is shown by the official map of Donley County, Texas."

In his answer Barnes describes it as the land in controversy, repeating precisely the description that plaintiffs gave, denying plaintiffs' right to that land and asserting his superior claim to it.

In the next paragraph of the answer Barnes alleges the facts of his settlement upon and application to purchase the land, describing each half section thus:

"Survey No. 48 in Block C-3, D. & P. Ry. Co., as a home having prior thereto settled upon said land in good faith making it his home, and was at the time of making his said application residing thereon, in good faith making it his home."

"Survey No. 54, Block C-3, E. L. & R. R. Ry. Co. as additional land to his said home section, it being within a radius of five miles of his said home section."

We must consider the pleadings of both parties to determine the effect of the mistake in defendant's answer. The petition described each half section accurately and alleged that Barnes was in possession. Barnes' answer described the land as "the two half sections" in controversy which he claimed the right to purchase. The allegations show definitely and beyond controversy that both parties were claiming the same land. It is apparent from the petition and answer that the description given in the second paragraph of the answer was a

mistake of the pleader in using the letters which indicated the grantee of the certificates. The number of the block was correct in each, also the numbers of the certificates and of the surveys. Such apparent mistakes could not have misled any one. Stout v. Taul, 71 Texas, 441; Fears v. Albea, 69 Texas, 437. Of a similar mistake the court said: "Taking the answer altogether, we thing it perfectly apparent that the insertion of the name of Mrs. Fears in the position that it occupies in the answer, was a clerical error, and that if counsel were deceived and misled that it was on account of negligence and want of ordinary care and attention on their part to the matter at hand."

The answer clearly set out the defects in plaintiff's claim and the reason why the land should not have been awarded to Williams, which, if true, made that award void, and, being void, defendant's allegations showed a right in him to purchase the land. The answer was sufficient.

The facts alleged brought the case within the terms of the act of 1905, the first section of which reads:

"That hereafter all persons claiming the right to purchase or lease any public free school lands, or any lands belonging ·to the State University, or either of the State asylums which have been heretofore or which may be hereafter sold or leased to any other person under any provision of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after this Act goes into effect, or after the date of the award of such sale or lease, if such award is made after the taking effect of this Act, and not thereafter." (Laws 1905, p. 35, Chap. 29.).

The District Court excluded the evidence that would have established the invalidity of Williams' claim and Barnes' right, which ruling was an error for which the Court of Civil Appeals properly reversed that judgment, but the Court of Civil Appeals erred in rendering judgment against Barnes. His answer contesting the award to Williams was filed within the year prescribed by the statute. If the allegations were true the award to Williams was void and Barnes had a valid claim. No technical rules of pleading can be allowed to defeat a right substantially alleged.

When Williams instituted his suit against Barnes to recover the land, before the act of 1905 was passed, he put the validity of his claim under judicial investigation, and Barnes had a right to defeat his recovery which would have adjudicated the rights of the parties. In such proceeding no affirmative action by· the court was necessary declaring Williams claim to be void or to remove any cloud on Barnes title. The defeat of recovery by Williams would have settled the rights of the parties. The terms of the act of 1905 above copied do not indicate that any form of action was contemplated, but simply that the adverse claim must be asserted within one year.

The trial court erred in excluding the evidence offered to show Barnes right, and the Court of Civil Appeals erred in affirming the judgment of the District Court. It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed

and that the cause be remanded to the district court of Donley County.

                              *Reversed and remanded.*

ASSOCIATE JUSTICE PHILLIPS did not participate in the decision of this case.