FARMERS' & CITIZENS' SAV. BANK v. SMITH et al. (No. 610.)

(Court of Civil Appeals of Texas. El Paso. Oct. 19, 1916.)

1. JUSTICES OF THE PEACE ☞90—PLEADING— INFORMALITY.

In justice court cases, great informality of pleading is permissible.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306; Dec. Dig. ☞90.]

2. BILLS AND NOTES ☞475—PLEADING—NON EST FACTUM.

In suit on a note, a plea of non est factum is inapplicable where defendants admit signing

the instrument, and there is no evidence of any alteration after execution.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1514–1518, 1556; Dec. Dig. ☞475.]

**3. BILLS AND NOTES ☞489(3) — ISSUES AND PROOF—PAROL EVIDENCE.**

In suit on a note, where, in addition to defendants' plea of non est factum, the answer stated facts sufficient to show that defendants had been overreached and defrauded into signing the note, for a larger sum than agreed, and that for all above the sum of $125, and interest, the note was wanting in consideration, parol evidence in support of such allegations was admissible.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1590–1595; Dec. Dig. ☞ 489(3).]

**4. WITNESSES ☞414(1) — CORROBORATION — PASSBOOK.**

In suit on a note for $150, defendants' claim that one of them had borrowed only $125 from plaintiff bank, the passbook given by the bank to defendant borrower when the loan was made showing a deposit of that date of $125, and subsequent withdrawals aggregating a like amount, was admissible in corroboration of defendants' testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1287; Dec. Dig. ☞414(1).]

**5. BILLS AND NOTES ☞520—FRAUD—SUFFICIENCY OF EVIDENCE.**

In a bank's suit on a note for $150, wherein defendants claimed that they had been overreached and defrauded, when one of them borrowed $125, into signing the note for an excessive amount, evidence *held* sufficient to support judgment for defendants.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1813, 1832, 1836, 1837; Dec. Dig. ☞520.]

Appeal from Anderson County Court; E. V. Swift, Judge.

Suit by the Farmers' & Citizens' Savings Bank against Felix Smith and another. From a judgment for defendants, plaintiff appeals. Judgment affirmed.

S. J. Williamson, of Palestine, for appellant. Kay & Seagler, of Palestine, for appellees.

HIGGINS, J. Appellant filed this suit in the justice court against Felix Smith and George Ware to recover a balance alleged to be due upon a promissory note, executed and delivered by defendants to plaintiff in the principal sum of $165.50, with interest, and to foreclose a chattel mortgage securing its payment. In the justice court, judgment was rendered in appellant's favor, and the cause was appealed to the county court. In the latter court, the defendants filed a written plea, duly verified by their oaths, as follows:

"Further answering herein, and by way of plea of non est factum and in answer to plaintiffs, says that the note or instrument in writing mentioned in said petition was not signed or executed by them nor by any person authorized by them to sign or execute it for them, that said instrument of writing was made without defendant's knowledge or consent, and that they have not at any time since ratified or confirmed the same. Wherefore defendants say that said note or instrument in writing is not their act' and deed, and of this they put themselves upon the country.

"Defendants, further answering herein, say that on or about the 1st of March, 1912, these defendants borrowed from plaintiff the sum of $125, and at that time plaintiff gave to the defendants a book showing the amount, and that after said time, to wit, on or about the 28th day of September, 1912, defendants paid back to plaintiff said sum of $125. That after that time plaintiff claimed that the defendant had not paid the interest on said $125 and said that it was $12.50, defendants say that they did not have the money at that time and when they obtained the money some time thereafter, plaintiff claimed that it was $13 and the defendants paid said sum of $13 on or about the 15th day of February, 1913, to H. L. Price for plaintiff.

"Defendants further say that many months after the above-named date, plaintiff demanded of defendants the payment of $30.50 more and claimed to have a note against these defendants for the sum of $165.50. Defendants say that they never at any time executed to plaintiff a note for the sum of $165.50, but that at the time of the borrowing the money as aforesaid, these defendants, Smith and Ware, being unable to read or write, and plaintiff demanding that they execute a note and mortgage, asked plaintiff to make out said instruments for the sum of $125, and after plaintiff made out said note and mortgage, these defendants signed said instruments, defendant Ware making his cross marks, believing at the time that they were signing a note and a mortgage for the sum of $125, and no more, and if they signed any other instrument for any greater amount than $125, it was done without their knowledge. Wherefore defendants say that they are not indebted to plaintiff in any sum, and that whatever sum that they owed to plaintiff has been fully paid off and discharged, and they ask judgment of the court that plaintiff take nothing by this suit and that they have judgment for their costs," etc.

Judgment in the county court was rendered in favor of the defendants, and plaintiff prosecutes this appeal.

The defendant Smith testified that he went to the plaintiff bank and asked the cashier thereof, H. L. Price, for a loan of $125. That he asked for only $125 and got only that amount. Told Price to make the note for $125, and intended that it should be made for that amount, and thought, at the time he signed it, it was for such an amount and would not have signed it if he had known that it was for more than $125. He stated that he could read and write a little, but did not read the note and no one read it to him. Price stuck the note through the window at the bank, and he signed it. He did not have the note in his hands. He had asked his half-brother, George Ware, his codefendant, to go on his note for $125, and he was present when he told Price that he only wanted $125, and was present when he signed it, and his brother Ware then signed the note by his mark. That fall, he states, he brought two bales of cotton to town and went to the bank and paid them $125 on September 28th. About a month thereafter he met Price on the street, who asked him,

"What about the interest on that note?" which he stated was $12.50; and thereafter, in February, Price again spoke to him about the interest, and he paid the bank through Price, $13 to cover the interest. That he did not know they claimed any more until the following fall in the year 1913, when he was in town with some cotton, met Price, and Price claimed he still owed some on the note.

Upon cross-examination he stated that he had the note and mortgage in his hand when he signed same, but did not read them; that he had a chance to read the same if he had wanted to, but he could not read very well and did not try to do so. He did not ask Price to read them for him, but just signed them and handed them back. He did not know whether the note and mortgage were made for $165 at the time he signed them or not. He did not notice to see. He does not know whether they have been in any wise changed since he signed them.

Defendant Ware testified substantially as follows: That he was with Felix Smith when he signed the note. He came to the bank with Felix with the understanding that he was to sign the note with him for $125. Felix said he wanted only $125, and asked Price for $125, and told him to make the note for that amount. He thought at the time he signed the note that it was drawn for $125, and would not have signed it if he had known that it was drawn for more than that amount. Witness signed by his mark. Neither the note or mortgage was read. He heard Felix tell Price to make the note for $125. That is the note he agreed to sign and would not have signed a note for $150.

Price, the cashier of appellant bank, testified that on March 1st, the defendants came to the bank to borrow some money, and that the bank loaned $150 and took their note, secured by mortgage for $165.50, $150 being principal, and $15.50 covering interest. After they signed the note, he offered Felix $150, but Felix stated he wanted to deposit all but $25, so he gave him $25 in cash and a passbook showing $125 to his credit. Felix signed the note himself, and the witness wrote Ware's signature at his request, and he signed by his mark. He put the note out of the window for them to sign, and they signed it there. Felix had the note in his hand at the time he signed it, and both had it in their possession sufficient to have read it themselves if they had wanted to do so, or to have had it read to them, but neither of them read it or asked to have it read.

Under different assignments, and in various forms, the proposition is advanced that the testimony of defendants, indicated above, was inadmissible and insufficient upon which to predicate a defense because: (1) It was in violation of the rule forbidding the introduction of parol evidence to vary or contradict the terms of the agreement between the parties as evidenced by the note and mortgage; and, (2) the pleading of defendants, being simply a plea of non est factum, was insufficient to authorize the admission of such testimony under any of the exceptions to the rule of evidence noted.

[1-3] In justice court cases, great informality of pleading is permissible, and even in the county and district courts technical rules of pleading will not be permitted to defeat a right substantially alleged. Barnes v. Patrick, 105 Tex. 146, 146 S. W. 154. As developed by the evidence, the plea of non est factum was inapplicable because the parties admitted signing the note sued upon, and there is no evidence of any alteration therein after its execution. But in addition to the plea of non est factum, the answer stated facts sufficient to show the defendants had been overreached and defrauded by appellant into signing a note for an amount in excess of the one which should have been properly drawn and executed; that, for all above the sum of $125 and interest, the note was wanting in consideration. The answer sufficiently alleges these facts, and the parol evidence in support thereof was properly admitted.

[4] Exception was taken to the admission of the passbook given by plaintiff to Smith at the time the loan was made. The book showed a deposit, as of that date, of $125 and subsequent withdrawal entries therein, aggregating a like amount. The book was admissible in corroboration of defendant's testimony that only $125 was obtained by Smith from the bank.

[5] The next assignment is that the judgment of the court is against the great weight of the evidence; is clearly wrong, and should be set aside. The testimony of Smith and Ware which has been quoted relates to the only issue of fact in the case, and plainly is sufficient to support the judgment. In fact, the weight of the evidence, we think, preponderates in favor of the judgment.

Affirmed.