### FINKLEA et al. v. FIRST STATE BANK OF JOAQUIN. (No. 882.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 12, 1922. Rehearing Denied Jan. 10, 1923.)

1. **Appeal and error** ⊂⊃713(3)—**Rulings on exceptions to pleadings not reviewable when shown only by bill of exceptions.**

Rulings of the trial court on exceptions to pleadings are not reviewable under District Court Rules 53, 65 (142 S. W. xxi, xxii), where the only record of such rulings is shown by a bill of exceptions.

2. **Bills and notes** ⊂⊃489(7)—**Pleading not fatally defective as showing variance.**

Where a note declared on was dated May 18, 1920, payable October 1, 1920, was given by defendant and others in renewal of a note, which payee was not to accept until it was signed by others whose signatures were not procured until about August 1, 1921, after the due date, and the note produced at trial corresponded with the note set out in the petition, the contest being not as to whether the note offered was the one executed and declared, but whether, because of the fact surrounding its execution, it was of any binding effect, and defendants were apprised of all the facts and were in no way misled or surprised, the variance was not fatal.

3. **Bills and notes** ⊂⊃475—**Pleading facts admitting execution of note, but pleading that it did not become binding, is not plea of non est factum.**

Pleading facts admitting the execution of a note, but pleading that, for some reason other than not signing it, it did not become a binding obligation, does not amount to a plea of non est factum.

4. **Bills and notes** ⊂⊃475—**Plea of non est factum inapplicable where signature is admitted.**

A plea of non est factum is inapplicable, where defendant admits signing the instrument and there is no evidence of alteration after execution.

5. **Bills and notes** ⊂⊃129(3)—**Renewal note, when signed by sureties, held to be due on demand.**

Where a note given in renewal of a note signed by certain sureties was not to be effective until signed by the sureties whose signatures were not secured until after the due date,

when signed by sureties it became effective and binding, and under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—7, was due on demand.

6. **Bills and notes** ⊂⊃36—**Note without due date due on demand.**

A note without any due date is valid and is due on demand unless circumstances are connected with it on which maturity is contingent.

Appeal from District Court, Shelby County; Chas. L. Brochfield, Judge.

Action by the First State Bank of Joaquin against J. E. Finklea and others. From a judgment for plaintiff, defendant named and Lee Finklea appeal. Affirmed.

T. H. Postell, of Center, for appellants. Sanders & Sanders, of Center, for appellee.

O'QUINN, J. Suit by appellee against J. E. Finklea, as principal, and Lee Finklea, J. C. Daw, and W. H. Brook, as sureties, on a note and for foreclosure of a mortgage executed by J. E. Finklea to secure the payment of said note.

All the defendants answered by general exception, general denial, and special verified plea that the note was not signed by two of the sureties until after the due date of said note, by reason of which it never became a valid or binding obligation upon either of the defendants.

The exceptions were overruled, and the case was tried before the court, without a jury, and judgment rendered for appellee, from which J. E. Finklea and Lee Finklea have appealed.

The undisputed facts are that on July 1, 1919, J. E. Finklea executed his note to appellee bank for $330, due six months after date, with Lee Finklea, J. C. Daw, and W. H. Brook as sureties. When the note became due, it was not paid, and J. E. Finklea agreed with the bank to renew same with the same sureties. On May 18, 1920, he and Lee Finklea executed and delivered to the bank the note in question for $397.85, due October 1, 1920, covering the old note, and J. E. Finklea at said time executed and delivered to said bank a mortgage upon some personal property and 10 acres of cotton to be grown in the year 1920, to secure the payment of said note. At the time of the execution of said renewal note, May 18, 1920, by the said J. E. Finklea and Lee Finklea, it was understood that the other two sureties on the old note, J. C. Daw and W. H. Brook, were also to sign said renewal note; but, they not being present, the note was left with said bank with the understanding that said two sureties would later sign same, and that said note was not to become effective and was not to be accepted for and in renewal of the old note until signed by said parties, Daw and Brook. By oversight, the attention of Daw and Brook was not called to said note

---

until about August 1, 1921, when, at the request of appellee, said parties signed the note, which was long after the due date of same. After Daw and Brook had signed the note, the bank gave all parties notice that the note was due, and requested payment; but no attention was paid to the notice nor any payments made on the note. J. E. Finklea, the principal on the note, testified:

"He wrote me one little notice, but that note wasn't any account. I didn't go to see him about it, because I didn't want to."

[1] Appellants first complain that the court erred in overruling their general demurrer to plaintiff's petition. There is nothing in the record to indicate that the court acted on the general demurrer. This court is without authority to review the rulings of a trial court, on exceptions to pleadings, where, as in this case, the only record of such ruling is shown by a bill of exception. District Court Rules 53 and 65 (142 S. W. xxi, xxii); Baker v. Sparks (Tex. Civ. App.) 234 S. W. 1109. However, we will say that the petition was good against a general demurrer. The assignment is overruled.

[2] Appellants' second proposition is: "Plaintiff's pleadings are fatally defective, in that they show variance." Appellants insist that the suit is upon a note dated May 18, 1920, while the proof, as they assert, shows a note of date August 1, 1921. This contention arises out of the fact that the note declared upon was dated May 18, 1920, and recited that it was to be due and payable October 1, 1920, but the facts showed that the note was given by appellant J. E. Finklea, as principal, in renewal of another note, and that it was understood by appellant and appellee that the note was not to be accepted until it was signed by all the sureties who had signed the original note, to wit, Lee Finklea, J. C. Daw, and W. H. Brook. Lee Finklea was present at the time J. E. Finklea executed the new note and signed same at the same time, but Daw and Brook were not present. The note was left by J. E. Finklea with appellee, with the understanding that the other sureties, Daw and Brook, would later sign same, and that upon their signing said note it was to become a binding obligation, and be accepted by appellee in renewal of the old note. Daw and Brook signed the new note some time after its due date, about August 1, 1921, and appellants contend that, as Daw and Brook signed the note after the due date specified therein, it became and was a "demand note," and there was no legal note in existence until August 1, 1921.

We agree with appellants that the note did not become effective and binding upon the makers until Daw and Brook signed same, and that as the proof showed that they signed same about August 1, 1921, thereupon the note became and was a note payable upon demand. But we do not think this constituted a variance. The note produced upon the trial corresponded in every way with the note set out in plaintiffs' petition, and the allegations in plaintiff's supplemental petition, in reply to appellant's answer, fully met every allegation of appellants as to the manner of signing said note by the parties, and of its due date; the contest being, not as to whether the note offered in evidence was the one executed by appellants and declared upon by appellee, but whether same, because of the facts surrounding its execution, was of any binding effect. Appellants were fully apprised of all the facts, and were not in any way misled or surprised. The assignment is overruled. Cooper Grocery Co. v. Moore, 19 Tex. Civ. App. 283, 46 S. W. 665; Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583; Halfin v. Winkleman, 83 Tex. 165–167, 18 S. W. 433; Power v. First State Bank (Tex. Civ. App.) 162 S. W. 416.

[3, 4] Appellants next complain that the court erred in permitting appellee to introduce the note in evidence, without first proving its execution. There is no merit in the assignment. The note was regular on its face, and was such an instrument as proved itself. But appellants say that the court erred because they pleaded, under oath, all the facts surrounding the execution of the note, and that because of said facts the note was invalid and never became a binding obligation, which said plea, appellant insists, was "equivalent to a plea of non est factum."

In the first place, we do not think that pleading facts admitting the execution of the note, but for some reason other than not signing same, it did not become a binding obligation, amounts to or is a plea of non est factum, and, moreover, a plea of non est factum is inapplicable where defendant admits signing the instrument and there is no evidence of alteration after execution. Bank v. Smith (Tex. Civ. App.) 188 S. W. 1026.

What we have said as to this assignment disposes of appellants' third assignment.

[5] Appellants next complain that the court erred in rendering judgment against J. E. Finklea on the instrument sued upon, contending that the note purporting to be a note given in renewal of a former note and to have been signed on May 18, 1920, and it being understood at the time of the execution of the note that same was not to be accepted as a valid note until all the sureties who had signed the original note had signed the new note, and that it being undisputed that two of said sureties, J. C. Daw and W. H. Brook, did not sign said note until August 1, 1921, some 10 months after the date of the maturity of said note, that the "attempt to renew said note on May 18, 1920, failed, and that the instrument sued on was void."

[6] We do not believe the contention is sound. It being undisputed that the note

was executed by the principal on May 18, 1920, to be due and payable on October 1, 1920, and that the agreement was that all the sureties should sign the renewal note that had signed the original note, and that only one of the sureties signed the renewal note at the time it was executed by the principal, and the principal delivered the note to the payee with the understanding that the other two sureties, Daw and Brook, were to sign it later, when same should become effective, and that they did sign same, though at some 10 months after its due date, we hold that, upon the signing of the note by the last two sureties, it became effective and binding upon all of the parties as of the date of the note, and that as the due date named in the note had elapsed before the completion of the execution of the note by all the parties to it, the note was overdue when issued and accepted, and under article 6001—7, Vernon's Civil Statutes Supp. 1922, was due upon demand. That being true, the matters pleaded by appellants constituted no defense, and the judgment should be affirmed. But if we are mistaken as to the note being overdue at the time of its execution and acceptance, by reason of its due date having passed prior to the signing by the last two sureties, then the note became effective without any due date, and was payable on demand. A note without any due date is valid and is due upon demand, unless circumstances are connected with it upon which maturity is contingent. Nesbit v. Hudson (Tex. Civ. App.) 230 S. W. 746.

What we have said as to this assignment disposes of the fifth assignment.

Believing the judgment rendered in the court below was proper, it is therefore affirmed.