**MOORE et al. v. WORKMAN.   (No. 2452.)**

(Court of Civil Appeals of Texas.   Amarillo.
   May 6, 1925.   Rehearing Denied
               May 6, 1925.)

**1. Pleading ⊕⟶207—Alleging a fact by setting out evidence proving it does not render pleading subject to general demurrer.**

The allegation of a fact by setting out evidence which proves such allegation, does not render a pleading subject to a general demurrer.

**2. Pleading ⊕⟶1—Technical rules cannot defeat right substantially alleged.**

Technical rules of pleading cannot defeat a right substantially alleged.

**3. Brokers ⊕⟶82(1)—Petition of broker for commission held not subject to general demurrer.**

In action by real estate broker for commission, where petition as a whole showed plaintiff's right to recover on contract and defendant's liability, fact that petition alleged that defendant and purchaser had made a contract for plaintiff's benefit, which allegation was made to bring plaintiff within rule entitling broker to commission on principal entering into enforceable contract through efforts of broker, would not render petition subject to general demurrer, in view of rule 62A, where no injury to defendants appeared.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by W. H. Workman against W. M. Moore and another, in which defendants impleaded James R. Armstrong as a defendant. From a judgment for plaintiff against defendants, and a decree that defendants take nothing as against Armstrong, defendants appeal. Affirmed.

Kay, Akin & Kenley, of Wichita Falls, for appellants.

Weeks, Morrow & Francis and Carrigan, Montgomery, Britain, Morgan & King, all of Wichita Falls, for appellee.

HALL, C. J.   Workman sued Moore and J. P. McKinney to recover commissions alleged to be due him as a real estate broker upon the sale of an oil and gas lease in Wichita county.

Defendant answered by general demurrer, general denial, and impleaded James R. Armstrong as a defendant. The court overruled the general demurrer to the petition, and a trial before the court without a jury resulted in a judgment for the appellee against both defendants, and a further decree that defendants take nothing as against Armstrong.

Under three propositions it is insisted that the general demurrer to the petition should have been sustained. Omitting the formal part, the substance of the petition is that on the 4th day of November, 1920, plaintiff was engaged in the brokerage business in Wichita county, Tex., acting in the sale of real estate, and oil and gas leases, and producing property; that he became engaged as broker for the defendants to effectuate the sale of certain properties which are described by metes and bounds in the petition. He further alleges:

"That there was also located on said lease oil wells and other property; that by virtue of such employment, he got in touch with the Wichita Petroleum Company, a joint-stock association, and with its president, James R. Armstrong, and as a result of such negotiations so conducted by plaintiff, a written contract was entered into on the 4th day of November, 1920, by and between said defendants and the Wichita Petroleum Company, in which contract the defendants agreed to sell, and the Wichita Petroleum Company agreed to buy said property; that said contract provides, among other things, that 'parties of the first part agree to pay to W. H. Workman 5 per cent. commission on the sale price, and said Workman shall satisfy R. T. Crawford from said sum'; that the parties of the first part referred to herein are the defendants in the case, and the W. H. Workman referred to is the plaintiff herein; that said contract provides, among other things, for a test to be made as the basis of the sale price; that said test was made and said property showed a minimum production of 103 barrels per day; that the said Wichita Petroleum Company was to pay, and agreed to pay, $750 per barrel for the seven-eighths working interest owned by the defendants, so that the sale price, based upon 103 barrels, would amount to $77,250, and 5 per cent. thereof would amount to $3,862.50."

Following this is an allegation with reference to the interest of Crawford, which is immaterial. The plaintiff then alleges the failure and refusal of the defendants to pay, and concludes with a proper prayer for judgment.

Under the first proposition, it is insisted that the petition is insufficient, because it does not allege that the recitations in the contract between the vendor and purchaser of the lease was made for his benefit. Under the second proposition it is insisted that there is no allegation of a contract between plaintiff and defendants to pay him a commission. By the third proposition contention is made that there is no allegation of a contract between the parties hereto that defendants agreed to pay him anything. There is no merit in the contentions, based upon the allegation in the petition which copies that provision of the contract between the vendor and purchaser, binding the defendants to pay plaintiff a 5 per cent. commission. That provision of the contract is evidence of plaintiff's right to recover, and by the pleading, is also made the allegation of the fact of a promise to pay plaintiff 5 per cent. commissions. He specifically alleges a verbal contract employ-

ing him, by saying that he became engaged as a broker for the defendants, and that by virtue of such employment, he got in touch with the proposed purchaser. He further alleges that the parties entered into a contract for the sale and purchase of the property, and specifically sets up the facts with reference to the production of the well and the price agreed to be paid, upon which his claim for 5 per cent. commissions is based; and the defendants' refusal to pay.

[1-3] The allegation of a fact by setting out the evidence which proves the allegation does not render the pleading subject to a general demurrer, and no special exception upon that ground was urged. Technical rules of pleading cannot be allowed to defeat a right substantially alleged. Barnes v. Patrick, 105 Tex. 146, 146 S. W. 154. The petition shows, as a whole, the plaintiff's right to recover on a contract, and the defendants' liability, and, as no injury to defendants appears, rule 62A applies. Plaintiff does not base his right to recover upon the contention that the vendor and purchaser had made a contract for his benefit. It is clear that his allegation with reference to such contract was made for the purpose of bringing himself within the rule that when through the efforts of a broker his principal enters into an enforceable contract with a proposed purchaser, the broker has earned his commission.

The original opinion is withdrawn.

We find no reversible error, and the judgment is affirmed.