## WOOD et al. v. SECURITY PETROLEUM CO. et al. (No. 1868.)*

(Court of Civil Appeals of Texas. El Paso. March 11, 1926. Rehearing Denied April 8, 1926.)

**1. Pleading ⬅21, 64(1).**

Pleadings must not be double, and repugnancy and inconsistency will not be tolerated.

**2. Pleading ⬅64(1)—A petition is double where it joins in one count different grounds of action of different or of same natures, to enforce a single right of recovery, or is based on different theories of liability.**

A pleading is double, within rule prohibiting duplicity, where it joins in one and same count different grounds of action of different natures or of the same nature, to enforce a single right of recovery, or is based on different theories of liability.

**3. Pleading ⬅64(1)—If facts alleged all go to make up one complete result and require but one answer, there is no duplicity.**

If facts pleaded all go to make up one result, and require but one answer, though multi-

farious, there is no duplicity, and there is no violation of rule against duplicity, where facts pleaded do not put the opposite party to litigate more than one point when one would be sufficient to establish the matter at issue.

**4. Pleading ⬅35, 366.**

Matters pleaded which are mere surplusage will not vitiate pleading, but will be stricken out without affecting pleading's substance.

**5. Pleading ⬅388.**

A variance between pleading and proof cannot be based on averments which are mere surplusage.

**6. Pleading ⬅21, 49, 64(2)—Petition construed to state cause of action for recovery of value of consideration for lease, and not for fraud and deceit, or for cancellation of lease, and not to be duplicitous or repugnant.**

Petition, alleging that defendants by false representations had induced plaintiffs to give a gas and oil lease of the value of $5,000 in exchange for defendant's stock, one-half of which under contract defendant was to sell for cash, and which petition prayed judgment upon contract for $2,500 by reason of fraud and failure of consideration, and for the total of $5,000, with interest, held to state cause of action to recover value of alleged agreed consideration for the lease, and not an action for fraud and deceit, or for cancellation of lease contract; nor was pleading duplicitous or repugnant.

**7. Pleading ⬅312—Objections for variance between pleaded effect of contract and express provision could not be sustained, where instrument in suit was made part of petition.**

Variance between pleaded effect of contract as to time for sale of stock, with terms of contract itself, could not be availed of by objection, where the contract in the suit was made part of the petition, as the opposite party could not be surprised or misled thereby.

**8. Pleading ⬅246(1)—Trial court may properly require matter in petition to be repleaded so as to exclude superfluous parts from the record (court rule 2).**

Where trial judge is of opinion that petition by reason of surplusage and repetition of unnecessary matters produces confusion, uncertainty, and unnecessary length, and does not make a clear statement of the cause of action, under court rule 2 the court may require the matter set up to be repleaded, so as to exclude the superfluous parts from the record.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by J. W. Wood and others against the Security Petroleum Company and others. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded.

W. V. Dunnam, of Waco, and Grisham Bros., of Eastland, for appellants.

Sayles & Sayles and Funderburk & Richardson, all of Eastland, for appellees.

WALTHALL, J. On October 13, 1919, J. W. Wood and his two brothers owned a tract

of land in Eastland county. One of the brothers disposed of his interest in the land to the other brothers, and the two, J. W. and J. A. Wood, on January 2, 1923, brought this suit against the Security Petroleum Company, an unincorporated joint-stock company, alleging its officers, trustees, agents, and stockholders to be J. A. Beard, T. A. Bendy, Arthur W. Jones, J. E. Eaves, Luther Nickles, and Cleves Rhea. After stating the nature of the company as shown by its articles of association, as disclosed by the deed records of Eastland county, plaintiffs allege they entered into a contract with the defendant Security Petroleum Company on the 13th day of October, 1919, J. E. Eaves acting for and on behalf of said company. The contract is set out in the petition, and without stating same here it recites, in substance, that in consideration of the plaintiffs Wood taking stock of the company "for a certain oil and gas lease * * * as full payment to them for same, now the party of the first part (company) agrees within sixty days from date hereof to sell one-half of their stock which would be twenty-five hundred shares at the par value of one dollar per share and it is agreed that they, the party of the first part of this contract, are not to charge the parties of the second part (plaintiff) any commission for this service but to pay to them the full face value of said stock"; the agreement purporting to be executed on the part of the defendant company by its secretary.

It is alleged that plaintiffs conveyed to defendant company "the land contemplated by the contract above mentioned, taking stock in the defendant company therefor, $2,500 worth of which the defendant was to sell for cash," and to pay same to plaintiffs. Plaintiffs allege demand upon defendant to sell the shares of stock and pay them $2,500; their failure to do so, to their damage $2,500. Plaintiff alleges that defendant immediately sold the lease, and thereby placed it beyond their power to recover same, and that defendant breached its contract with reference to the disposition of said stock.

On June 11, 1923, plaintiffs filed their first amended .original petition in two counts. The first count recites, in substance, that the parties named in the original petition were doing business under the name of the Security Petroleum Company, and style them as defendants; it sets out, as in the original petition, the nature of the company; it alleges that plaintiffs owned a certain tract of land, describing same; that defendants approached plaintiffs on or about October 13, 1919, and represented to them that the stock of the defendant company was worth 100 cents on·the dollar, and that by said representations induced them to execute to the defendant company "a mineral lease on said land then and there of the value of $5,000,

and to take in exchange therefor stock in said company, subject, however, to, a contract set forth in count two of this petition." The petition alleges that certain representations made by defendants as to the value of said stock were untrue, that plaintiffs relied upon them as being true, and by reason thereof plaintiffs were induced to execute said lease and accept in lieu thereof the stock in the company. Plaintiffs offer to return said stock and tender same in court. In this count plaintiffs sue for the value of their lease alleged to be agreed by the parties to be of the value of $5,000, which plaintiffs allege to be the reasonable value at the time of the execution of the lease. Plaintiffs make certain allegations with reference to the inducements and promises made to them to buy said stock which we need not state, and then pray that plaintiffs "have judgment against defendants jointly and severally for their damages," in the sum of $5,000.

In count 2 plaintiffs sue in the alternative, should they not be permitted to recover under the first count. They state the nature of the defendant company as above in the original petition; allege plaintiffs to have been the owners of the said land on October 13, 1919, that same was valuable as mineral land, and that on that date plaintiffs and defendants entered into the contract, stating same as in the original petition. The petition then states the meaning of said contract as same was understood by the parties, which we omit to state here. The petition then recites that. plaintiffs were not familiar with the value of the stock, and recites that defendants made certain representations to plaintiffs as to the value of the stock, and promised and agreed to make disposition of said stock, and that by reason thereof plaintiffs were induced to execute said lease. The petition alleges the failure of defendants to carry out said agreement as to the sale of said stock, and that by reason thereof defendants are liable to plaintiffs for the whole consideration for the land, alleging same to be $5,000. The petition further alleges that on or about March 1, 1923, when the stock was delivered to plaintiffs, it had no value but was worthless, and they tender the stock into court and say that by reason of the facts alleged the consideration for said lease wholly failed, and they sue for the value of said lease and allege it to be $5,000.

On June 13, 1925, plaintiffs filed their second amended original petition, complaining of the same parties as in its previous petition, and setting out practically the same facts, pleading the contract of October 13, 1919, and the alleged meaning the parties gave to it, as in the previous pleading; pleaded the representations and promises alleged to have been made by defendants as in the previous pleading. They tender the stock

into court, plead the failure of consideration for the lease, and pray judgment against all defendants "upon said contract for $2,500 by reason of said fraud and failure of consideration and matters hereinabove set forth, for the additional sum of $2,500, and for the total sum of $5,000, and for interest on each of said sums." The petition attaches as exhibit a certified copy of defendants' articles of association, consisting of some 17 articles.

On June 16, 1925, plaintiffs filed their third amended original petition, complaining of the same parties as in the last preceding pleading, and, in substance, pleading as on said last preceding petition except as here noted. They allege that all of the representations heretofore set forth were made by the defendants through J. E. Eaves; that "it was the express understanding and agreement that the sale of the $2,500 of stock should be made at once by the defendants," then allege their failure to do so, and that by reason thereof they "are liable to the plaintiffs for the said $2,500." They allege that the stock was worthless; that before the 60 days had expired they demanded the sale of the stock in keeping with the agreement, which defendants failed to do; that "defendants conspired together and with each other for the purpose of cheating and defrauding plaintiffs and to deprive them of the value of said mineral lease in the sum of $5,000, the then value thereof;" and that in furtherance of said conspiracy defendants made other representations which we need not state, among them that defendants, on February 24, 1920, had sold to the Consolidated Oil Producers of Texas the assets of defendant company, and advised plaintiffs to assign their stock certificates to defendant J. E. Eaves, so that same might be transferred to the Consolidated Oil Producers of Texas, and consolidated Texas Production Company, all of which representations, and others, plaintiffs alleged to be false and made for the purpose of inducing plaintiffs to remain inactive, which plaintiffs allege did have said effect. Plaintiffs in this amendment ask judgment against all defendants in the sum of $2,500 and a "cancellation of the excess certificates not so tendered defendants."

To plaintiffs' second and third amended original petitions defendants interposed special exceptions, which the court sustained. Plaintiffs refused to file the fourth amendment, eliminating therefrom the matters pointed out by the exceptions; whereupon the court ordered the case dismissed, to which plaintiffs excepted and prosecute this appeal.

### Opinion.

We have, perhaps, made a more extended preliminary statement of the several amended pleadings than is necessary, and have done so in order to reflect the entire transaction in its various phases as pleaded. The court overruled defendants' general demurrers and several special exceptions, but sustained special exceptions numbered 3, 4, and 5 directed to plaintiffs' second amended petition, and directed that plaintiffs replead, to which rulings plaintiffs excepted, and thereupon filed their third amended petition, and to the latter amendment defendants' exception No. 10 was directed and sustained by the court, and to which ruling plaintiffs excepted, and, on plaintiffs' refusal to further amend, the case was ordered dismissed. The questions presented here arise on the action of the court in sustaining the above-indicated special exceptions, and dismissing the case.

By exception No. 3, it is asserted that plaintiffs' second amended petition presents two inconsistent remedies, contradictory and repugnant. The petition, as we construe it, stated the defendant company, composed of the defendants named, on the date stated, entered into the contract above set out in full; that plaintiffs were the owners of the land, describing same; it alleges the meaning of the contract to be that plaintiffs should sell to defendants a lease on the land described and "receive in lieu thereof stock certificates in the sum of $2,500, and cash within 60 days in the sum of $2,500, but the manual custody of the stock in the sum of $5,000 was intrusted to plaintiffs pending the sale of said stock under the said contract. It was understood and agreed that the said defendants should sell $2,500 worth of said stock within a period of 60 days for the full par value of $2,500 in cash, which defendants represented they could and would do, free of any cost or expense to the plaintiffs, and that said sum should be to all intents and purposes a cash payment and not a payment in stock, and upon the sale of same by the said defendants, and notice thereof within the said 60 days to plaintiffs, the plaintiffs were to return the $2,500 worth of stock so temporarily held by them."

Plaintiffs alleged a want of knowledge of the value of the stock, but were dependent upon information from defendants; that defendants represented to plaintiffs that said stock was worth par value and rapidly enhancing to a greater value; alleged plaintiffs' belief and reliance upon the statements, and were induced thereby to convey the lease to defendants; that defendants represented that the other $2,500 worth of stock was worth par value, was rapidly enhancing in value, and large dividends would soon be derived therefrom; that said representations were made to induce plaintiffs to convey said lease, and they did induce plaintiffs to do so; that all of said representations were wholly false; that plaintiffs have demanded performance, and defendants have failed to carry out their agreements; that the consideration for the lease has failed, the stock certificates in the sum of $5,000 are now and

have at all times been worthless. The petition alleges a demand made for said $2,500 and refusal to pay, "to plaintiffs' damage $2,500." The petition then alleges:

"Wherefore for said fraud and for the breach of contract as hereinabove set forth, defendants promised and agreed to pay and are liable to the plaintiffs in the said sum of $2,500."

Plaintiffs pray:

"That upon a final hearing hereof they have judgment against the defendants jointly and severally upon said contract for $2,500, and by reason of said fraud and failure of consideration and matters hereinabove set forth for the additional sum of $2,500, and for the total sum of $5,000, and for interest on each of said sums as by law provided, and for costs of suit and for such other and further relief, general and special, legal and equitable, as to the court may appear meet and proper."

[1-3] Our courts have consistently held that repugnancy and inconsistency in pleading should not be tolerated. Pleadings must not be double. A petition is double within the rule where it joins in one and the same count different grounds of action of different natures or of the same nature, to enforce a single right of recovery or based on different theories of liability. R. C. L. vol. 21, par. 19, p. 454. But it is there said that if the facts alleged all go to make up one complete result and require but one answer, though multifarious, there is no duplicity and is not violative of the rule, where the facts pleaded do not put the opposite party to litigate more than one point when one would be sufficient to establish the matter at issue.

Here, it seems that the point sought to be alleged in the pleading is to show the contract for the lease of the land; that plaintiffs were deceived by false representations as to the value of the stock temporarily put into their hands until same was sold by defendants, and the consideration for the lease paid from the proceeds of the sale of the stock; the breach of the contract on the part of defendants and an effort to recover the alleged agreed value of the stock. We think the petition contains repetition of facts, confusion in what is sought to be alleged, that is, a lack of clearness in statement, and states matter that might be considered surplusage.

[4] We have concluded that the petition does not necessarily present two inconsistent remedies, nor is it contradictory on material facts, or repugnant. Appellants, we think, if they should recover at all on the facts established, could recover only for the agreed value of the lease, with interest, and not for the agreed value of the stock. That feature of the pleading was changed by the third amendment. Matters in pleading which are mere surplusage will not vitiate such pleading, but will be stricken out without affecting the substance of the pleading. Nash v. George, 6 Tex. 234; Maddox v. Craig, 16 S. W. 328, 80 Tex. 600.

[5] A variance between pleading and proof cannot be based on averments which are mere surplusage. Burns v. Goff, 14 S. W. 1009, 79 Tex. 236.

[6] We do not construe the petition as stating a cause of action for damages for fraud and deceit as claimed in exceptions four and five; nor is the cause of action necessarily one for cancellation of the lease contract, made the basis of the suit. But, as stated above, we construe the second amendment to be an action to recover the value of the alleged agreed consideration for the lease.

[7] Exception 10 is directed to paragraph 6 in the third amended petition, reciting: "It was with the express understanding and agreement that the sale of the $2,500 worth of stock should be made at once by the defendants," because in conflict with the terms of the contract providing that such sale was to be made within sixty days. Here plaintiffs pleaded a written contract stating the time within which the sale of the stock should be made. No objection for variance can be sustained where the instrument in the suit is made a part of the petition, as the opposite party could not be surprised or misled thereby. Shipman v. Fulcrod, 42 Tex. 248; Wiebusch v. Taylor, 64 Tex. 53; Cooper Grocery Co. v. Moore, 46 S. W. 665, 19 Tex. Civ. App. 283; Parks v. Sullivan (Tex. Civ. App.) 152 S. W. 704; Heaton v. State Nat. Bank (Tex. Civ. App.) 159 S. W. 874.

[8] We are of the opinion that the court was in error in sustaining exception 10 to the third amended petition, on the ground stated in that exception. However, where the trial judge is of the opinion that the petition, by reason of surplusage and repetition of unnecessary matters, and to such extent as to produce confusion, uncertainty, and unnecessary length in the pleading, and for that reason does not make a clear statement of the cause of action under rule 2 for district and county courts, the court may require the matter set up to be repleaded so as to exclude the superfluous part or parts of it from the record. We therefore do not intend to hold that the court was in error in requiring the plaintiffs to replead.

For reasons stated, the case is reversed and remanded.