CHARLES D. DICKEY, Jr., Trustee,

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa March 28, 1896.*

| 160 | 633 |
| .164 | 480 |
| 160 | 633 |
| 165 | 50 |
| 166 | 65 |
| 160 | 633 |
| 170 | 94 |
| 171 | 302 |
| 172 | 299 |
| 160 | 633 |
| e189 | ¹121 |
| 160 | 633 |
| 207 | 21 |
| 207 | 66 |
| 207 | 335 |
| 160 | 633 |
| 213 | 369 |

1. TAXES—*defective affidavit of mailing notice in special assessment—collateral attack.* Failure of the affidavit made by special assessment commissioners to show the date when notices were mailed to property owners, is not available as a defense in the collateral proceeding by the collector to obtain judgment against property for the delinquent assessment. (*McChesney* v. *People ex rel.* 145 Ill. 614, and 148 id. 221, explained.)

2. EVIDENCE—*evidential force of court's finding in judgment of confirmation as to mailing notices.* The mere fact that the commissioners' affidavit of mailing notices in special assessment is sworn to less than ten days before the first day of the term at which the owners were notified to appear, the affidavit itself being silent as to time of mailing, does not overcome the finding of the court in the judgment of confirmation that the commissioners complied with the law in posting notices.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

MASON BROS., (HENRY E. MASON, of counsel,) for appellant.

J. D. ADAIR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of sale rendered by the county court of Cook county against appellant's lands, on the application of the county collector, for delinquent special assessments. Appellant objected to the entering of such judgment for the sole reason that the court did not acquire jurisdiction in the assessment proceeding and that the judgment of confirmation was therefore void. The record and files in the assessment proceeding were offered in evidence in support of appellant's objection.

The affidavit of the mailing of the notices to the property owners was sworn to on the 6th day of June, 1892, and the first day of the term of court at which such owners were notified to appear was the 13th day of the same month.    In *Perry* v. *People ex rel.* 155 Ill. 307, we held that the statute required that not less than ten days' notice should be given before the first day of the term.    There is nothing in the affidavit from which it can be ascertained whether the notice was mailed ten days before the first day of the term or not, and it is insisted that as the affidavit was sworn to and filed within the ten days next preceding the first day of the term, it is evidence only that the notice was mailed when the affidavit was sworn to, and that in order to give the court jurisdiction to render the judgment of confirmation it should affirmatively appear that the notice was mailed at least ten days before the first day of the term.

In *Hertig* v. *People ex rel.* 159 Ill. 237, in reference to the sufficiency of the certificate of publication of notice of the hearing on the application for judgment of confirmation, we said (p. 242): "Even were the certificate (of publication) in fact insufficient, appellant could take no advantage of it in this, a collateral, proceeding, for in such a case the presumption would be that the court heard and acted upon other and sufficient evidence to sustain the finding.—*Barnett* v. *Wolf*, 70 Ill. 76; *Harris* v. *Lester*, 80 id. 307." And in *Reedy* v. *Camfield*, 159 Ill. 254, in considering the subject of collateral attack upon a judgment of a court of competent jurisdiction, we said (p. 260): "Where a court finds, in its decree or judgment, that it has acquired jurisdiction by publication, it will be presumed, in a collateral proceeding, that there was sufficient evidence before the court to warrant the judicial finding. Service by summons can only be proved by the written return of the officer, and if such return contradicts the finding of the court it will overcome the finding and prove the want of jurisdiction, even in a collateral pro-

ceeding. In case of service by summons which is insufficient to confer jurisdiction, parol evidence cannot be heard to prove or aid the service. Where, however, the service is by publication, parol evidence may be received to prove that the notice was published. The printer's certificate is not declared by the statute to be the only means of proving the publication. Such a certificate, found among the papers in a cause, even though insufficient on its face to show a proper publication, will not overcome the finding of the court, when it declares, in its decree or judgment, that it had acquired jurisdiction by publication. It will be presumed, in such case, that the court acted on other and sufficient evidence to sustain its finding."

No reason is perceived why this rule, so often announced by this court, should not apply to cases like the one here under consideration. It was, in effect, so decided in *Perry* v. *People ex rel. supra*, where it was sought to attack the judgment of confirmation, on the application for judgment of sale by the county collector, by simply introducing the affidavit of the commissioners of the mailing of notices to the land owners, which failed to state that such notices were mailed ten days before the first day of the term at which the hearing was to take place, and it was there held that as the judgment of confirmation was not contained in the record before this court we had no means of knowing what its findings were, and that for aught that appeared the county court, in the special assessment proceeding, might have had before it ample evidence, aside from the affidavit, showing that the notices were mailed more than ten days before the term, and that the judgment of confirmation might have expressly so found. In the case at bar the judgment of confirmation is contained in the record, and its findings are that the commissioners complied with the law in posting and sending the notices to the property owners.

It is said that in the two cases of *McChesney* v. *People ex rel.* 145 Ill. 614, and 148 id. 221, the sufficiency of the affidavit of the commissioners, and of the notices, was considered in a collateral proceeding and held insufficient to confer jurisdiction on the court in the special assessment proceeding. It appears from the record in those cases that counsel on both sides treated the record in the special assessment proceeding as open to the same objection on the application for judgment by the county collector, in the respects complained of, as might have been properly made before the judgment of confirmation. No point was made or considered that the judgment of confirmation could not be thus attacked in a collateral proceeding. But in the case at bar the point is made and must be sustained.

The judgment of the county court is affirmed.

*Judgment affirmed.*