**Andrew CARR, Appellant,**

**v.**

**BELL SAVINGS AND LOAN ASSOCIATION and Galveston County Appraisal District, Appellees.**

**No. 9783.**

Court of Appeals of Texas, Texarkana.

Jan. 23, 1990.

Rehearing Overruled Feb. 27 and March 20, 1990.

Mark T. Sokolow, Asst. City Atty., Galveston, for Carr.

Andrew J. Mytelka, Greer, Foutch, Herz & Adams, Galveston, for Bell Sav. & Loan Assn.

Otto D. Hewitt, III, Anthony P. Brown, McLeod, Alexander, Powel & Apffel, Galveston, for Galveston Cty. Cent. Appraisal Dist.

CORNELIUS, Chief Justice.

Andrew Carr, in his capacity as director of consolidated tax collection for taxing units City of Galveston, Galveston Independent School District, Galveston County Navigation District No. 1, and Galveston County Community College, appeals from a summary judgment rendered by the 212th District Court which declared that Bell Savings and Loan Association has fully satisfied its tax liability to the named taxing units for the year 1985, and that the tax rolls for 1985 should reflect an aggregate taxable value of $13,754,223.00 for Bell's property.

The Breakers, a condominium project in Galveston, was completed in 1984. The Galveston County Central Appraisal District appraised the property's taxable value for 1985 at approximately $28,000,000.00. On October 1, 1985, Bell Savings acquired title to most of the units in The Breakers through a foreclosure sale. The 1985 appraised value of The Breakers was sub-

stantially higher than the 1984 value. According to Tex.Tax Code Ann. § 25.19 (Vernon 1982 & Supp.1990), if a property's appraised value is substantially greater than the previous year, the Central Appraisal District must give written notice of the change to the property owner. Bell Savings asked the Appraisal District to determine if the Section 25.19 notices had been sent concerning The Breakers. The Appraisal District advised Bell Savings that no notices had been sent. Because of that failure and on Bell Savings' request, the Galveston County Appraisal Review Board granted a "due process" protest hearing to Bell Savings pursuant to Tex.Tax Code Ann. § 41.41 (Vernon 1982). As a result of the hearing, the Appraisal Review Board reduced the appraisal on Bell Savings' property to $13,754,223.00 and ordered the Central Appraisal District to adjust the tax roll accordingly. The Central Appraisal District did so and notified all concerned taxing units. Tax officials for all units complied with the order except Carr. Bell Savings paid its taxes according to the reduced valuation. Carr, however, billed Bell Savings for the tax according to the original valuation and refused to change the tax rolls to reflect the Appraisal Review Board's action.

Bell Savings filed a declaratory judgment action against Carr seeking a declaration that it had satisfied its tax obligation. Carr answered and on April 28, 1988, filed a third-party action against the Central Appraisal District and the Appraisal Review Board. In June of 1988, Carr nonsuited the Appraisal Review Board. The trial court granted summary judgment motions of both Bell Savings and the Central Appraisal District and denied Bell Savings' request for attorney's fees.

Carr's only reason for refusing to alter the tax roll in accordance with the Appraisal Review Board's ruling is his contention, advanced in the trial court and here, that the Board's action was invalid. He contends that it was invalid for the following reasons: Bell Savings was not the owner of the property at the time notices pursuant to Section 25.19 were required to be sent and thus had no legal standing to protest; there is no summary judgment proof that the owners of the property prior to Bell Savings' acquisition of it were dissatisfied with the valuation or authorized anyone else to assert a failure to give notice; there is no summary judgment proof that the owners of the property as of January 1, 1985, did not receive notice pursuant to Section 25.19; Carr did not receive any "documentation" to support the Appraisal Review Board's reduction of the appraisal; and the meeting notices posted by the Appraisal Review Board for its protest hearing were not in compliance with the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon Supp.1990).

█ The trial court properly rendered summary judgment in favor of Bell Savings and the Central Appraisal District. When the Appraisal Review Board granted a protest hearing, reduced the property valuation, and certified its action to the Central Appraisal District and the taxing units as required by Tex.Tax Code Ann. §§ 41.41, 41.46, and 41.47 (Vernon 1982),[1]

---

1. § 41.41. *Right of Protest*

A property owner is entitled to protest before the appraisal review board the following actions:

    (1) determination of the appraised value of his property ...

    ....

    (8) any other action that applies to the property owner and adversely affects him.

§ 41.46. *Notice of Protest Hearing*

(a) The appraisal review board before which a protest hearing is scheduled shall deliver written notice to the property owner initiating a protest of the date, time, and place fixed for the hearing on the protest. The board shall deliver the notice not later than the 15th day before the date of the hearing.

(b) The board shall give the chief appraiser advance notice of the date, time, place, and subject matter of each protest hearing.

§ 41.47. *Determination of Protest*

(a) The appraisal review board hearing a protest shall determine the protest and make its decision by written order.

(b) If on determining a protest the board finds that the appraisal records are incorrect in some respect raised by the protest, the board by its order shall correct the appraisal records by changing the appraised value placed on the protesting property owner's property or by making the other changes in the appraisal records that

the appraisal records, as changed, constituted the appraisal roll. Tex.Tax Code Ann. § 25.24 (Vernon 1982 & Supp.1990).[2] Carr then had the ministerial duty to adjust his tax rolls accordingly.

Bell Savings' motion for summary judgment incorporated by reference or had attached to it copies of the appraised values for 1984 and 1985; the notification by the Central Appraisal Review Board that Section 25.19 notices had not been sent for The Breakers; the minutes of the Appraisal Review Board's due process hearing; the order determining the protest; the tax roll adjustments sent to Carr; and deposition testimony that Carr refused to make the tax roll changes and that Bell Savings paid the tax as calculated from the changed appraisal. This summary judgment evidence was not controverted and was sufficient to warrant the summary judgment.

■ All of the Appraisal Review Board's proceedings and actions described here are regular on their face and final. As such, they are conclusive unless set aside in a direct attack by some party or entity authorized by the Tax Code to do so. Carr's attempt to question the validity of those actions in this proceeding constitutes a collateral attack.

■ When the law has vested a special board, commission or tribunal with authority to hear and determine matters arising in the course of its duties, its decisions on those matters are conclusive, and like the judgments of courts, cannot be collaterally attacked in another proceeding. *Glenn v. Dallas County Bois D'Arc Island Levee Dist.*, 114 Tex. 325, 268 S.W. 452 (Tex. Comm'n App.1925, opinion adopted); *Kirby Lumber Co. v. Adams*, 62 S.W.2d 366 (Tex. Civ.App.–Beaumont 1932), *aff'd*, 127 Tex. 376, 93 S.W.2d 382 (Tex.Comm'n App.1936, opinion adopted); *Terrell v. Alpha Petroleum Co.*, 54 S.W.2d 821 (Tex.Civ.App.–Beaumont 1932), *aff'd*, 122 Tex. 257, 59 S.W.2d 364 (Tex.Comm'n App.1933, opinion adopted); *Webb v. City of Fort Worth*, 23 S.W.2d 791 (Tex.Civ.App.—Fort Worth 1929, writ dism'd).

■ Carr was not authorized to challenge the Appraisal Review Board's decision under the Tax Code even in a direct attack. Tex.Tax Code Ann. § 41.03 (Vernon 1982)[3] allows a taxing unit to challenge certain matters before the Appraisal Review Board, such as the level of appraisals of any category of property, *but not the appraised value of a single taxpayer's property.*

■ Carr argues that he had a right to notice and an opportunity to protest the Appraisal Review Board's change pursuant to Tex.Tax Code Ann. § 25.25 (Vernon 1982 & Supp.1990). We disagree. Section 25.-25[4] applies only to changes in the tax roll

---

are necessary to conform the records to the requirements of law.

(c) The board shall determine all protests before it before approval of the appraisal records as provided by Subchapter A of this chapter.

(d) The board shall deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the chief appraiser.

**2.** § 25.24. *Appraisal Roll*

The appraisal records, as changed by order of the appraisal review board and approved by that board, constitute the appraisal roll for the district.

**3.** § 41.03. *Challenge by Taxing Unit*

A taxing unit is entitled to challenge before the appraisal review board:

(1) the level of appraisals of any category of property in the district or in any territory in the district, but not the appraised value of a single taxpayer's property;

(2) an exclusion of property from the appraisal records;

(3) a grant in whole or in part of a partial exemption. . . .

**4.** § 25.25. *Correction of Appraisal Roll*

(a) Except as provided by Chapters 41 and 42 of this code and by this section, the appraisal roll may not be changed.

(b) The chief appraiser may change the appraisal roll at any time to correct a name or address, a description of property, or a clerical error that does not affect the amount of tax liability.

(c) At any time, the appraisal review board, on motion of the chief appraiser, or of a property owner may direct by written order changes in the appraisal roll to correct:

(1) clerical errors that affect a property owner's liability for a tax;

(2) multiple appraisals of a property in a single tax year; or

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll.

to correct (1) clerical errors that affect an owner's tax liability; (2) multiple appraisals of property for one year; and (3) the inclusion of property that does not exist as described in the appraisal roll. None of these was involved here.

■ Carr's attack of the Appraisal Review Board's decision because of alleged deficiencies in the meeting notices also fails. Assuming that he could qualify as an "interested person" within the Open Meetings Act, he could attack an action of a governmental body for violations of the Act only directly, not collaterally. The Act provides that any action taken by such a body in violation of the Act is only voidable, not void. Tex.Rev.Civ.Stat.Ann. art. 6252–17, § 3(a) (Vernon Supp.1990).

For the reasons stated, we conclude that the trial court correctly rendered summary judgment in favor of Bell Savings and the Central Appraisal District.

■ Bell Savings has filed two cross-points. The first contends that the court erred in refusing to award it attorney's fees. The Declaratory Judgment Act, Tex. Civ.Prac. & Rem.Code Ann. § 37.009 (Vernon 1986), provides that, "In any proceeding under this chapter, the court *may* award costs and reasonable and necessary attorney's fees as are equitable and just" (emphasis added). The trial court refused to award attorney's fees on two grounds: as a matter of law because of governmental immunity which protected Carr in his official capacity, and because after considering all the evidence it found that the fees and costs should be charged in equity to the parties who incurred them. The court specified the amount of attorney's fees that would be necessary and reasonable if they had been allowed.

Even if governmental immunity does not apply as Bell Savings urges, it has failed to provide us with a sufficient record to determine if the judgment of the trial court in this respect was erroneous. No statement of facts of the trial on the issue of attorney's fees has been brought forward. In the absence of such a statement of facts, it must be presumed that sufficient evidence was introduced to support the findings and judgment of the court. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.1987); *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968).

The second cross-point asks us to assess damages against Carr for a frivolous appeal as authorized by Tex.R.App.P. 84. After a careful consideration of the entire record, we do not deem this to be a proper case in which to apply the sanctions permitted by Rule 84.

The judgment of the trial court is in all things affirmed.

### ON MOTION FOR REHEARING

■ In his motion for rehearing Carr argues that Tex. Tax Code Ann. § 43.01 (Vernon 1982) authorized the taxing units to attack the action of the Appraisal Review Board in reducing The Breakers appraisal. We cannot agree that Section 43.-01 would apply to this situation. It provides that:

A taxing unit may sue the appraisal district that appraises property for the unit to compel the appraisal district to comply with the provisions of this title, rules of the State Property Tax Board, or other applicable law.

We believe the section applies to actions for declaratory or injunctive relief with respect to policies and operating procedures. It cannot refer to a suit to challenge the appraisal of a single taxpayer's property, since that is expressly prohibited by Tex. Tax Code Ann. § 41.03 (Vernon 1982).

The motion for rehearing is overruled.