NO. 07-02-0177-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 18, 2002



______________________________




RICKIE LYNN GRAVES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 268TH DISTRICT COURT OF FORT BEND COUNTY;



NO. 29,378-A; HONORABLE BRADY G. ELLIOTT, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1) 

 Appellant Rickie Lynn Graves appeals from the trial court's order denying his
request for post-conviction Forensic DNA Testing pursuant to Tex. Code Crim. Proc. Ann.
art. 64.01 (Vernon Supp. 2003). (2) By four points of error, appellant contends the trial court
1) applied the wrong standard of review in its denial of his motion for forensic DNA testing;
2) erred in denying his motion on the ground that exculpatory DNA test results would
provide no evidence not already considered by the jury; 3) erred in finding that identity was
not and had not become an issue in this case; and 4) erred in finding that appellant failed
to show a reasonable probability of proving innocence if exculpatory results were obtained
through DNA testing. Based upon the following rationale, we affirm.

 On June 3, 1997, appellant, an inmate, was searched by a correctional officer and
found to be in possession of two marihuana cigarettes. Subsequently, he was indicted on
January 5, 1998, for prohibited substance in a correctional facility, twice enhanced, and
convicted by a jury on April 16, 1998. Appellant's conviction was affirmed by the
Fourteenth Court of Appeals on October 14, 1999, and his petition for discretionary review
was refused on March 1, 2000. On November 1, 2001, appellant filed a motion for
post-conviction forensic DNA testing of the marihuana cigarettes introduced into evidence
by the State during his trial. After a hearing, the trial court denied his request by written
order signed March 4, 2002.

Trial Court's Findings


 By written order signed March 4, 2002, the trial court found:

 1) The evidence still exists.

 2) The evidence is in the custody of the Fort Bend County District
Clerk.

 3) The evidence has been subjected to a chain of custody sufficient
to establish that it has not been substituted, tampered with, replaced,
or altered in any material respect.

 4) Identity was not an issue in the case.

 5) Identity has not become an issue in the case.

 5) Applicant has failed to show by a preponderance of the evidence
that a reasonable probability exists that the person would not have
been prosecuted or convicted if exculpatory results had been
obtained through DNA testing. (3)

Standard of Review for Chapter 64

 In reviewing a trial court's decision, we employ the bifurcated standard of review
articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). That is, we afford
almost total deference to a trial court's determination of issues of historical fact and
application-of-law-to-fact issues that turn on credibility and demeanor while we review de
novo other application-of-law-to-fact issues. Rivera v. State, No. 74,359, 2002 Tex.Cr.App.
LEXIS 217, at *9 (Nov. 6, 2002). The ultimate question of whether a reasonable probability
exists that exculpatory DNA tests would prove innocence is an application-of-law-to-fact
issue which does not turn on credibility and demeanor and is therefore reviewed de novo. 
Id. Therefore, in this case, the findings regarding the existence, location, and chain of
custody of the evidence are afforded almost total deference, while the remaining findings
are reviewed de novo. (4) We turn now to appellant's specific contentions and address them
in logical rather than sequential order.

 By his first point of error, appellant contends the trial court applied the wrong
standard of review in its denial of his motion for forensic DNA testing. He argues the court
applied a "new evidence" standard to his motion rather than the appropriate standards
under article 64.03. We disagree. At the hearing on the motion for forensic DNA testing,
the court announced

 However, I do not believe the standard set by 6304 [sic], that the testing
would show anything that wasn't considered by the jury; therefore, I'm
denying your motion.


Thereafter, the trial court signed a written order which substantively tracked the provisions
of article 64.01. Because appellant had been convicted of possession, not making of
marihuana cigarettes, the trial court's statements on the record, when taken in conjunction
with the written order, indicate the trial court did in fact apply the appropriate review
standards for the motion enumerated in the Code. Point of error one is overruled.

 By his second point, appellant contends that exculpatory evidence, i.e., results
obtained through DNA testing that one of the correctional officers hand-rolled either or both
of the marihuana cigarettes, would have supported his trial claim that he did not possess
the marihuana and that the claim of possession was fabricated by correctional officers. 
Then, by his fourth point, appellant contends the trial court erred in finding he failed to
show by a preponderance of the evidence a reasonable probability of proving innocence,
if exculpatory results were obtained as a result of DNA testing. We disagree and will
consider these two points together.

 We begin our analysis by first noting that article 64.01(b) provides that a motion for
DNA testing may only request DNA testing of biological material previously secured in
relation to the offense that is the basis of the challenged conviction. Also, to be entitled
to an order for DNA testing, among other things, the convicted person must establish a
reasonable probability exists that the person would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing. Art. 64.03(2)(A). 

 Although DNA testing of the two cigarettes when compared to DNA testing of
appellant may show that appellant did not "roll" the cigarettes, it will not constitute evidence
that any correctional officer hand rolled the cigarettes without DNA testing of samples of 
biological material samples provided by them. However, because appellant's right, if any, 
to DNA testing is limited to biological material which was "secured in relation to the offense"
for which he was convicted, he is not entitled to request that the court order the correctional
officers to provide biological samples or an order requiring DNA testing of the newly
acquired samples of biological material. Considering that appellant was not entitled to an
order requesting DNA testing of non-existent samples of biological materials provided by
the correctional officers, the trial court did not err in finding that appellant failed to show by
a preponderance of the evidence a reasonable probability of proving his innocence of the
offense of possession of a prohibited substance. Accordingly, points of error two and four
are overruled. Our disposition of points two and four pretermits our consideration of
appellant's remaining points.

 Accordingly, the order of the trial court is affirmed.



 Don H. Reavis

 Justice



Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Added by Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2,
2-3.
3. The record is silent as to appellant's compliance with article 64.01 requiring a
showing of prior unavailability, inadequacy, or reasons prior DNA testing was not
accomplished.
4. The trial court made no findings regarding whether the evidence was in a condition
making DNA testing possible or that appellant met his burden of proving by a
preponderance of the evidence the motion for DNA testing was not made for the purposes
of delay.


 a determination that Caliber One failed to pay the value of the
claim. The purposes of pleadings are:


 define the issues to be tried; Murray v. O & A Express, Inc., 630
S.W.2d 633, 636 (Tex. 1982);
 advise the court of the facts that are relied on to sustain or defend the
suit; National Life Assurance Company of Texas v. Neves, 370
S.W.2d 144, 146 (Tex.Civ.App.--Eastland 1963, writ ref'd n.r.e.); and
 record for the benefit of all who may subsequently be concerned the
matters actually in issue and determined by the judgment. Glenn v.
Dallas County Bois D'Arc Island Levee Dist., 114 Tex. 325, 268 S.W.
452, 453 (1925). 


 

 As is common in original proceedings, the record presented here is not as complete
as the record before the trial court. However, the record here does not show that Caliber
One's contention that McDougal's claim is inextricably intertwined with a determination that
Caliber One failed to pay the value of the claim was presented to the trial court by pleading
or the motion. Moreover, Caliber One does not contend that it placed the policy or contract
in issue by pleading, whether counterclaim, declaratory judgment, or otherwise. Focusing
on the record that was before the trial court and whether the decision was not only arbitrary
but also amounted to a "clear and prejudicial error of law," we cannot conclude from the
record that the trial court abused its discretion.

 Accordingly, the petition for writ of mandamus is denied. 

 Don H. Reavis

 Justice



Johnson, C.J., concurring.

 


 NO. 07-04-0271-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 29, 2004



______________________________




IN RE CALIBER ONE INDEMNITY COMPANY, RELATOR



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 As the majority notes, the record in this case differs from that before us in Vanguard. 
Here, McDougal's Original Petition is before us, Caliber One's Answer is not, and no
contractual claim is being made against Caliber One. Moreover, Caliber One does not
claim that its contract with McDougal contains a provision which precludes this type of suit
from proceeding until after the appraisal provision is complied with. 

 To the extent that the majority opinion can be read to say that Caliber One does not
have a contractual right to appraisal, or that its contractual appraisal right is inapplicable
so long as McDougal does not make a contractual claim, I would not go so far in this
mandamus proceeding. I agree that, given the timing of the motion, the status of the
lawsuit's progress, and the circumstances presented to the trial court as demonstrated by
this mandamus record, the trial court did not abuse its discretion in denying Caliber One's
motion seeking to invoke the appraisal provision. See Terra Nova, 992 S.W.2d at 742.


 Phil Johnson

 Chief Justice


 

 


 

 



 

 

 


1. Acordia is not a party to this original proceeding.
2. This provision is substantially different to the provision for appraisal contained in
the Texas Standard Homeowners Policy presented in Vanguard Underwriters Ins. Co. v.
Smith, 999 S.W.2d 448, 450 (Tex.App.--Amarillo 1999, no pet.). The provision for appraisal
contained in a personal automobile policy promulgated by the Texas Department of
Insurance is not set out in In re Allstate County Mut. Ins. Co., 85 S.W.3d 193 (Tex. 2002).